## Huff v. Howard.

Appeal from Harlan Circuit Court.

## Huff v. Davis, Judge.

Petition for Writ of Mandamus.

(Decided September 27, 1921.)

The issues of law and fact herein being the same as in Williams v. Howard and Williams v. Davis, Judge, it is controlled by the principles and reasoning announced by the single opinion this day handed down in those cases.

ZEB A. STEWART for appellant.

N. R. PATTERSON for appellee.

OPINION BY JUDGE SETTLE—Dismissing appeal in first above styled case, and granting writ of mandamus in the second.

These two cases, the first an appeal and the second a petition for the writ of mandamus, are companions to those of Williams v. Howard, and Williams v. Davis, Judge, both disposed of in another and single opinion of this court this day handed down. The appellant and petitioner, Huff, like Williams, is claiming to have received, by a majority of the legal Republican votes cast in the primary election of August, 1921, the Republican nomination for county judge of Harlan county, which the board of election commissioners of that county awarded by their canvass of the vote and certificate to M. W. Howard.

Huff by duly filing and causing to be served upon Howard, within the time required by the primary statute, a notice, accompanied by petition, both containing divers grounds, entered against the latter in the Harlan circuit court and before the respondent, Davis, as judge thereof, a contest for the nomination in question, at the same time attacking the right of Williams to the same. It does not appear from the record before us that the notice of contest was served upon Williams. To Huff's notice and petition a special demurrer interposed by the contestee, Howard, was sustained by the respondent, judge, as in the contest of Williams v. Howard, which is shown by an order in all respects similar to that entered in the latter case. Huff has attempted to appeal from that order; and also by his petition filed, as previously stated, in this court against Davis, judge, prays that he be compelled by a writ of mandamus from this court to enter such an order or judgment in his court as will be final and dispose of the contest.

As the remedy sought is the same as in the case of Williams v. Davis, Judge, the ruling complained of the same, and the petitioner, Huff, is equally entitled on the same grounds to the relief granted Williams, it is only necessary to further say that this case must be and is controlled by the principles and reasoning set forth in the opinion of that case. Therefore Huff's appeal for the same reasons must be and is dismissed as was that of Williams. But for the purposes and to the extent indicated in that opinion he is granted the writ of mandamus prayed in his petition.

The whole court, except Judge Sampson, sitting.